IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK KOMESSAR, et al., | ) |
| Petitioners, | ) ) ) |
| v. | ) Nos. 13 C 3152 and ) 13 C 3153 |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) |
| Respondents. | ) |

MEMORANDUM ORDER

These actions, initiated by Mark Komessar together with related individuals and Komessar & Associates, LLC (all collectively referred to in this memorandum order as "Komessars") by filing Petitions to Quash Third Party Summonses ("Petitions") issued by the Internal Revenue Service to American Chartered Bank (the subject of Case No. 13 C 3152) and to J.P. Morgan Chase, N.A. (the subject of Case No. 13 C 3153), were responded to by the United States (one of the three named respondents) and were noticed up for hearing on August 5, 2013.[1]  At that time Komessars--acting through Mark Komessar, who is a lawyer--requested, and this Court granted, time to file a reply on or before August 19, with the next status hearing set for August 28.

Despite that request, nothing was filed before that status

---

[1] Each Petition appears as Dkt. No. 1 and each government Response appears as Dkt. No. 6 on the respective case dockets.

hearing, when Mark Komessar appeared in Court and stated that nothing would be filed and that this Court should decide the matter based on the Dkt. No. 1 and Dkt. No. 6 filings.[2] Because jurisdiction is always a threshold consideration, it should be said at the outset that Komessars have not properly served the United States in either case as required by Fed. R. Civ. P. ("Rule") 4(i)(1)(B).[3] That being so, these proceedings should be and are dismissed for lack of jurisdiction--and hence the Petitions are denied.

But because Komessars could avoid that jurisdictional flaw by properly instituting new proceedings, this memorandum order will go on to deal with the substance of Komessars' effort. Only a brief discussion is required to show that they would fare no better in substantive terms, so that any further pursuit of the matters would be frivolous.

Nearly a half century ago, in <u>United States v. Powell</u>, 379 U.S. 48 (1964), the Supreme Court set out the light burden

---

[2] It must be said that the just-described course of conduct is puzzling. Whenever Mark Komessar changed his mind about filing a reply, all he had to do was to telephone this Court's staff, which would have enabled this Court to stop watching for the reply and go about the business of deciding the cases, while at the same time sparing Mark Komessar a needless trip to the courthouse.

[3] As the United States also points out in each Response at 6 n.1, petitioners did not bother to obtain judicial summonses from the Clerk as Rule 4 requires. Attorney Komessar surely had to know better.

imposed on the IRS in connection with such summonses. As our Court of Appeals said on that score in <u>2121 Arlington Heights Corp. v. IRS</u>, 109 F.3d 1221, 1224 (7th Cir. 1997):

> First, the government must make a prima facie case that the IRS issued the summons in good faith. <u>United States v. Kis</u>, 658 F.2d 526, 536 (7th Cir. 1981), <u>cert</u>. <u>denied</u>, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982); <u>United States v. Gertner</u>, 65 F.3d 963, 966 (1st Cir. 1995). That isn't much of a hurdle. The government must only show: the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons. <u>United States v. Powell</u>, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964). The government typically makes that showing through the affidavit of the revenue agent conducting the audit.

Just so here, where IRS Special Agent Gus Iqal ("Iqal") has amply supported the establishment of the four factors identified in <u>Powell</u>, 379 U.S. at 57-58. Simply reading the Iqal declaration and matching its provisions with the four <u>Powell</u> factors amply demonstrates that--and as stated earlier, Komessars have offered <u>nothing</u> to counter that. There is no need "to gild refined gold, to paint the lily"[4] by repeating the government's detailed exposition in Dkt. No. 6 of each case.

## Conclusion

As taught three decades ago by <u>United States v. Kis</u>, 658

---

[4] William Shakespeare, <u>King John</u> act 4, sc. 2, line 11. Parenthetically, this Court has never understood how or why such a felicitous turn of phrase became corrupted in common parlance to the wholly inapropos mixed metaphor "to gild the lily."

3

F.2d 526, 539 (7th Cir. 1981), under the circumstances presented here "the District Court should dispose of the proceeding on the papers before it and without any evidentiary hearing." Accordingly, even if Komessars had not failed for lack of jurisdiction their requests for discovery and evidentiary hearings would have to be denied and these actions would have to be dismissed on substantive grounds.[5] As stated earlier, both Petitions are denied and these actions are dismissed in all events.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 29, 2013

---

[5] As an adjunct to such dismissal, individual respondents Iqal and Steven Miller would have to be dismissed independently because any suit against them in their official capacity is essentially a suit against the United States, which has been properly made a defendant here.

4